FILED by BB D.C.
ELECTRONIC
Feb. 3, 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

PHL VARIABLE INSURANCE COMPANY,          **10-80207-Civ-Cohn/Seltzer**

        Plaintiff,

vs.

DOMINICK COSOLA IRREVOCABLE TRUST,
by and through its trustee of record,
JORDAN AUGENSICHT,

        Defendant.

_____/

## PLAINTIFF PHL VARIABLE INSURANCE COMPANY'S ORIGINAL COMPLAINT

PHL Variable Insurance Company, by and through its attorneys, files this Original Complaint against Dominick Cosola Irrevocable Trust by and through its trustee, Jordan Augensicht, as follows:

### I. PARTIES

1. Plaintiff PHL Variable Insurance Company ("Phoenix") is a Connecticut insurance company authorized to transact the business of insurance in Florida. Phoenix is organized under the laws of Connecticut and its principle place of business is located in Hartford, Connecticut.

2. Upon information and belief, Defendant, Dominick Cosola Irrevocable Trust (the "Trust" or "Defendant"), is a trust organized under the laws of Florida. The Trust may be served through its Trustee, Jordan Augensicht, ("Trustee") at his primary residence, 22608 Meridiana

PLAINTIFF PHL VARIABLE INSURANCE COMPANY'S
ORIGINAL COMPLAINT– PAGE 1

Dr., Boca Raton, FL 33433. Upon information and belief, Trustee Augensicht is the Trust's sole trustee and is a citizen of the state of Florida.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction over all parties of this lawsuit under 28 U.S.C. §1332(a)(1) because Phoenix and the Trust are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest and costs.

4. Phoenix is a corporation organized under the laws of the state of Connecticut and has its principal place of business in Connecticut. As such, for diversity purposes, Phoenix is a citizen of the state of Connecticut.

5. Upon information and belief, the Trust is organized under the laws of Florida and the sole Trustee is a resident of the state of Florida. As such, for diversity purposes, the Trust is a citizen of the state of Florida.

6. As Phoenix and the Trust are citizens of different states, a diversity of citizenship exists.

7. As set forth more fully below, this case involves an adjudication of the rights and obligations under an insurance policy with a face amount far in excess of $75,000. Additionally, this case involves an adjudication of the disbursement of premiums paid on this policy, also far in excess of $75,000.

8. The Trust is subject to the personal jurisdiction of this Court, as the Trustee is a resident of Florida and the Trust was established under Florida law.

9. This Court has jurisdiction over this declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts

jurisdiction to declare the "rights and other legal relations of any interested party making such declaration, whether or not further relief is or could be sought."

10. Venue is proper for this action pursuant to 28 U.S.C. §1391, since its Trustee is located in Palm Beach County, and the insurance policy at issue is governed by Florida law. In addition, all or a portion of the events giving rise to the cause asserted herein occurred in the State of Florida.

### III.
### FACTUAL BACKGROUND

11. Phoenix is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance in the State of Florida.

12. On or about February 8, 2008, the Trust, by and through its Trustee, applied in writing (the "Application") to Phoenix seeking the issuance of an insurance policy insuring the life of Dominick Cosola ("Cosola").

13. In completing the Application, Cosola and the Trust provided Phoenix with material information regarding, among other things, Cosola's net worth and income. In completing the Application, Cosola and the Trust knew that they were required to provide complete, accurate and honest answers to the questions presented on the Application. Cosola and the Trust also knew that Phoenix would rely upon the answers recorded on the Application in determining whether Cosola was insurable and qualified for the insurance sought through the Application.

14. Cosola and the Trust, through its Trustee, responded to clear, direct questions seeking material information regarding Cosola's net worth and annual income. In response to these questions, the Application represented that Cosola had a net worth of $8,710,000 and other

<u>PLAINTIFF PHL VARIABLE INSURANCE COMPANY'S</u>
<u>ORIGINAL COMPLAINT– PAGE 3</u>

annual income of $300,000. As discussed more fully in the ensuing paragraphs, these representations were false and were each material to Phoenix's acceptance of the risk assumed.

15. Additionally, during the application process, Cosola and the Trust represented that the life insurance was being sought for "estate planning." This statement was false and was material to Phoenix's acceptance of the risk assumed.

16. The Application contained the following affirmation:

> I have reviewed this application, and the statements made herein are those of the proposed insured and all such statements made by the proposed insured in Part I or and in Part II of this application are full, complete, and true to the best knowledge and belief of the undersigned and have been correctly recorded.

17. On the basis of the statements and representations on the Application and in reliance upon Cosola's and the Trust's complete candor, honesty and openness in disclosing information in response to the questions presented on the Application, Phoenix issued life insurance policy number 97526764 (the "Policy") to the Trust, with an effective date of February 3, 2008. The Policy's death benefit is $6,000,000.

18. Upon information and belief, contrary to the representations contained on the Application, Cosola did not have a net worth of $8,710,000 or other annual income of $300,000 on the date of the Application. Phoenix assets that the statements made during the application process with respect to Cosola's net worth, annual income, source of funding and purpose for the life insurance were each materially incorrect and/or fraudulent.

19. Had Cosola and the Trust provided accurate responses on the Application regarding these items, Phoenix would not have issued the Policy or would have done so on materially different terms. As a result of the Policy's issuance, Phoenix has suffered damages,

**PLAINTIFF PHL VARIABLE INSURANCE COMPANY'S**
**ORIGINAL COMPLAINT– PAGE 4**

including but not limited to, commissions Phoenix paid to its sales representatives that it would not have paid, but for the sale.

20. Phoenix brings this action seeking rescission of the Policy and an order declaring the Policy void *ab initio*.

## IV.
## DECLARATORY JUDGMENT

21. Phoenix incorporates herein each of its allegations contained in paragraphs 1–20 above.

22. Pursuant to the federal Declaratory Judgment Statute, 28 U.S.C. § 2201, Phoenix seeks a declaratory judgment that the Policy is null, void and rescinded *ab initio* due to the fraudulent, willfully false and/or material misrepresentations and omissions that Cosola and the Trust made on the Application.

23. Phoenix has been damaged as a result of the foregoing material misrepresentations, in that it has incurred expenses and costs in connection with, among other things, its underwriting and issuance of the Policy, payments of commissions and fees in connection with the issuance of the Policy, administration and servicing of the Policy, investigation of the misrepresentations and concealments detailed above, and commencement of this action to enforce its rights.

24. In light of the foregoing damages, expenses, and costs incurred by Phoenix, Phoenix should be permitted to retain the premiums paid for the Policy as an offset against such damages and costs and/or disgorgement of defendants' ill-gotten gains. Without such retention, offset, and/or disgorgement, restitution of the parties to their pre-contract positions would be impossible.

25. Notwithstanding the foregoing, Phoenix stands ready, willing, and able to refund or otherwise make payment of all or any portion of the premiums paid for the Policy as directed by the Court in accordance with Phoenix's demand for rescission of the Policy and restitution of the parties to their pre-contract positions insofar as is possible and equitable.

26. Accordingly, Phoenix hereby makes constructive tender of the premiums paid for the Policy and respectfully seeks the Court's direction as to actual payment of same. Such constructive tender is in any event required because Phoenix cannot be certain who the rightful owner of the returned premium payments is, and may therefore be subject to suit if it makes payment to anyone other than such owner.

27. Phoenix also seeks its fees pursuant to the Declaratory Judgment Statute.

## V.
## CONCLUSION

WHEREFORE, due to the above-referenced fraudulent, willfully false and/or material misrepresentations, PHL Variable Insurance Company demands judgment against Dominick Cosola Irrevocable Trust as follows:

(a) an order declaring and adjudging the Policy of life insurance bearing policy Number 97526764 to be null and void and rescinded, *ab initio*;

(b) an order directing that Phoenix either retain, or deposit with the Clerk of the Court, all premiums paid on the Policy along with required interest, if any;

(c) an order that the Clerk of the Court pay to Phoenix from the premiums deposited an amount equal to: 1) the commissions paid by Phoenix to the agents or sales representatives arising out of or relating to the sale of the Policy; and 2) any damages incurred by Phoenix as a result of the Policy's issuance and subsequent investigation, including attorneys' fees and expenses;

(d) an order awarding costs of suit and reasonable attorneys' fees pursuant to the Federal Declaratory Judgment Statute; and

(e) an order awarding such other relief as the Court deems equitable and just to Phoenix.

Dated: February 3, 2010

PETT FURMAN, PL
Attorneys for Plaintiff
2101 N.W. Corporate Blvd., Suite 316
Boca Raton, FL 33431
(561) 994-4311
(561) 982-8985 fax

By: /s/ KB Pett
KRISTINA B. PETT
Fla. Bar No. 0973688
kpett@pettfurman.com
WENDY L. FURMAN
Fla. Bar No. 0085146
wfurman@pettfurman.com

ATTORNEYS FOR PLAINTIFF PHL
VARIABLE INSURANCE COMPANY

OF COUNSEL:
EDISON, MCDOWELL & HETHERINGTON LLP
Thomas F.A. Hetherington
Texas Bar No. 24007359
Jarrett E. Ganer
Texas Bar No. 24055520
Phoenix Tower
3200 Southwest Freeway, Suite 2920
Houston, Texas 77027
(713) 337-5580 (Telephone)
(713) 337-8850 (Facsimile)
E-mail: tom.hetherington@emhllp.com
E-mail: jarrett.ganer@emhllp.com

**PLAINTIFF PHL VARIABLE INSURANCE COMPANY'S**
**ORIGINAL COMPLAINT– PAGE 7**

FILED by B B D.C.
ELECTRONIC
Feb. 3, 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**JS 44** (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)  **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
PHL Variable Insurance Company

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kristina B. Pett, Esq.
Pett Furman, PL 2101 NW Corporate Blvd., Ste. 316
Boca Raton, FL 33431   (561) 994-4311

### DEFENDANTS
Dominick Cosola Irrevocable Trust, by and through its trustee of record, Jordan Augensicht

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys (If Known)

**(d)** Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☑ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

10CV80207 JIC/BSS

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☑ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☑ YES ☐ NO

JUDGE William J. Zloch    DOCKET NUMBER 10CV80042

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Fed.R.Civ.P. Rule 27, 28 USC §§ 2201 and 2002

LENGTH OF TRIAL via  1-2  days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ in excess of $75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
Kristina B. Pett FBN 0973688

SIGNATURE OF ATTORNEY OF RECORD
/s/ KBP

DATE
February 3, 2010

FOR OFFICE USE ONLY
AMOUNT  350    RECEIPT # 726825   IFP